## McBRIDE v. GRAND DE TOUR PLOW CO. et al.

*(Circuit Court, S. D. Iowa, C. D. November 18, 1890.)*

PATENTS FOR INVENTIONS—EXTENT OF CLAIM—RIDING ATTACHMENT FOR PLOWS.

On a bill to restrain infringement of letters patent No. 284,036, for "a riding attachment for plows," complainant contends that the patent covers a combination of three wheels so arranged as to carry the downward pressure of the plow upon the earth, and thus reduce friction and lighten the draft, and also prevent the packing of the earth at the bottom of the furrow. The object actually sought, as stated in the specifications, was "to provide a simple, strong, durable carriage attachment for plows that can be more readily applied and adjusted to operate a plow steadily, and to regulate the depth and width of furrow slices by the operator seated upon

the carriage." The idea of diminishing friction by carrying the plow was not hinted at in any of the claims or specifications, and while the three wheels necessary therefor were shown by the drawings, one of them, attached to the end of the plow-beam, was not referred to in either the claims or specifications. *Held*, that the combination for the purpose claimed is not covered by the patent, and if complainant was the first to use it he is presumed to have dedicated it to the use of the public.

On rehearing. For former report, see 40 Fed. Rep. 162.
*Cole, McVey & Clark*, for complainant.
*John G. Manahan*, for defendants.

Shiras, J. This cause was heard on the merits at the October term, 1889, of this court, and an opinion filed, holding that the charge of infringement was not sustained. See 40 Fed. Rep. 162. Upon application of complainant, a rehearing was granted, and counsel have fully re-presented their views of the facts and authorities. On part of complainant it is urged that the court in the former opinion restricted the scope of complainant's patent unwarrantably, it being now claimed that complainant was in fact the first one to invent and perfect a practicable sulky plow, so arranged that when in operation the weight of the plow and the downward pressure are largely carried on the wheels, thus diminishing the friction that would otherwise be caused between the plow proper and the earth, and which produces two beneficial results, to-wit, the reduction of friction, already named, thereby lessening the draught upon the horses, and preventing the bottom of the furrow from becoming packed and hardened by the passage of the plow over the land, as is the case in ordinary plowing, where the whole weight and pressure is exerted on the bottom of the furrow. It cannot be well questioned that the plows actually manufactured by complainant do possess the advantages claimed. There are to be found therein the three wheels shown in the drawing attached to the letters patent, and marked therein, "*d''*," "W," and "M," and through the co-operating effect of these three wheels the weight of the plow and of the driver, instead of being on the bottom of the furrow, is transferred to the wheels and their contact with the ground. The difficulty in the case, however, arises from the fact that the combination is not covered by the patent issued to complainant. If he was the first one who conceived the idea of thus transferring the pressure, and consequent friction, from the bottom of the furrow to the points of contact of wheels, bearing the weight of the plow and driver, with the earth, and if he was also the first to make a practicable combination of the means necessary to effectuate the idea,—questions which I do not now consider,—he should, in order to secure the fruits of his invention, have secured a patent therefor. If the specifications and drawings attached to the patent issued show the combination or means necessary to work out the result, but the same are not included in or covered by the claim or claims of the patent, the presumption is that the patentee thereby intended to dedicate the same to the public. *Miller v. Brass Co.*, 104 U. S. 350.

The patent issued to complainant comprises five claims. There is not to be found therein a reference to the wheel carried at the front end of

the plow-beam, and which is marked "*d'''*" in the drawings. If every one of the parts called for in the five claims of the patent, and identified by letters referring to the drawings, are furnished, the front wheel would be wanting in the combination. It is urged that the words "plow-beam," found in the claims, are sufficient to include the front wheel, because it is attached to the front end of the plow-beam, but this construction is clearly inadmissible. This wheel is not a part of the plow-beam, nor is it immediately attached thereto. All other parts of the connections affixed to the front end of the plow-beam are specifically named in the claims, except this wheel. The omission to name this wheel as one of the co-acting parts of the combination is clearly due to the fact that it is not part of the combination sought to be patented. The devices placed at the front end of the plow-beam are intended to enable the driver to regulate the depth of the furrow, and are covered by the second claim in the patent, which is as follows:

"The clevis, *a*, the rack, *b*, the frame, *c*, the caster-wheel bearer, *d*, *d'*, the lever, *g*, and the link, *g'*, arranged and combined relative to each other and a plow-beam, substantially as shown and described, to operate in the manner set forth, for the purposes specified."

The depth of the furrow is regulated by elevating or depressing the front end of the plow-beam, and this is accomplished by the combination described in claim 2, and this combination does not depend in any degree upon the presence or absence of the wheel, "*d''*." As it is not one of the co-acting parts in the combination relied upon to enable the driver to regulate the depth of the furrow, it was not named in the claim, and cannot now be read into the claim for any purpose.

The same difficulty exists in regard to claim 5, which is mainly relied on in support of the broad construction now claimed in favor of the patent. It reads as follows:

"The axle-frame, *r*, *r'*, *r''*, *s*, *s*, carrying a driver's seat, the rack, *r'''*, the wheel, *w*, the wheel-bearer, *h*, *h'*, *h''*, carrying a wheel, *m*, and the lever, *n*, arranged and combined relative to each other and a plow-beam and plow, substantially as shown and described, to operate in the manner set forth, for the purposes specified."

The combination thus described is for the purpose of enabling the driver to regulate the width of the furrow, and there is not found therein any reference to the wheel, *d''*. It does not form part of the combination relied upon by the patentee for enabling the driver to regulate the width of the furrow, and for that reason was not included in the list of parts needed to make the proposed combination. It clearly appears that the combinations described in claims 2 and 5 are those intended by the patentee to secure the object sought to be accomplished, as set forth in the specifications, to-wit:

"My object is to provide a simple, strong, durable carriage attachment for plows that can be more readily applied and adjusted to operate a plow steadily, and to regulate the depth and width of furrow slices by the operator seated upon the carriage."

It is not herein stated that it was purposed to reduce friction and pressure upon the bottom of the furrow, and thus lessen the work of the horses, and also to prevent the bottom of the furrow from being compacted and hardened. The combination described in claims 2 and 5 doubtless give a steady movement to the plow, and enable the driver to regulate the depth and width of the furrow, but they are not intended to cover the idea of carrying the weight of the plow and driver upon wheels, and thus reducing the friction, for to accomplish that purpose it is necessary to call into play the co-acting effect of the three wheels shown in the drawings. As already stated, no reference is made to the wheel "$d''$" in the claims, nor is any description given of the operation of this wheel in the specifications having the remotest reference to its aiding, in combination with the other wheels, to reduce the friction by transferring the weight and pressure to the three wheels named. None of the claims of the patent can be construed, either singly or in combination with the others, if that were permissible, so as to include the idea of thus reducing the friction of the plow when in operation. The patent must be construed, therefore, to cover only the combinations intended to regulate the width and depth of the furrow, and, as to these purposes, I see no reason for changing the conclusion reached upon the prior hearing that the complainant is not a pioneer in these directions, and his patent cannot, therefore, be broadly construed. By its terms, the patent is confined to the combinations intended to enable the driver to regulate the depth and width of the furrow from his seat upon the carriage of the plow, and to give the plow a steady movement when in operation. To now enlarge the scope of the patent, so as to include the idea of reducing the friction on the bottom of the furrow, and the means for accomplishing the idea, would require reading into the specifications the expression of a purpose not found therein, and into the claims an additional element not referred to or included therein, and this is not permissible, although it is true that this element is shown in the drawings of the patent. The idea of relieving the friction on the bottom of the furrow, by transferring the weight of the plow and the driver from the sled formed by the bottom of the plow in the old-fashioned methods of plowing to the wheeled carriage supporting the weight thereof, has no necessary connection with the idea of enabling the driver to regulate the depth and width of the furrow from his seat on the carriage. The construction to be given to a patent covering the means for accomplishing the latter purposes cannot be enlarged by showing that the patentee was the first to invent a means for reducing the friction of the plow. Whether he is or not a pioneer in the latter field of improvement is immaterial, when the question is, what scope is to be given to his patent covering other and distinct purposes? I can see, therefore, no sufficient reason for changing the view taken of complainant's patent in the opinion filed at the first hearing, nor upon the question of infringement, and the decree dismissing the bill must, therefore, be affirmed.